
.te Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3913 | **DATE** | 6/21/2004 |
| **CASE TITLE** | IGOR VLADIMIR ASLAN vs. INS REPRESENTATIVE, CHICAGO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Plaintiff's petition to proceed in forma pauperis and his motion for appointment of counsel are denied. The complaint is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

<table>
<tr><td></td><td>No notices required, advised in open court.</td><td rowspan="8"></td><td>number of notices</td><td rowspan="8">Document Number</td></tr>
<tr><td></td><td>No notices required.</td><td></td></tr>
<tr><td></td><td>Notices mailed by judge's staff.</td><td>JUN 2 2 2004</td></tr>
<tr><td></td><td>Notified counsel by telephone.</td><td>date docketed</td></tr>
<tr><td>✓</td><td>Docketing to mail notices.</td><td></td></tr>
<tr><td>✓</td><td>Mail AO 450 form.</td><td>docketing deputy initials</td></tr>
<tr><td></td><td>Copy to judge/magistrate judge.</td><td></td></tr>
<tr><td colspan="2" style="text-align:center">LG    courtroom deputy's initials</td><td>date mailed notice</td></tr>
</table>

Date/time received in
central Clerk's Office       mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IGOR VLADIMIR ASLAN )
)
Plaintiff, )
)
vs. )   No.  04 C 3913
)
INS REPRESENTATIVE, CHICAGO;   )
SHERIFF, COOK COUNTY, ILLINOIS;)
RUDOLF NADER MAYER & OTHERS,)
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Igor Vladimir Aslan filed a *pro se* complaint against Rudolph Mayer, his former

landlord; Karl Reschke, Mayer's business partner; Michael Sheahan, Cook County Sheriff;

Donald Monica, Interim District Director of the U.S. Department of Homeland Security; and

several directors and officers of the Immigration and Naturalization Service (INS).  Plaintiff's

civil cover sheet identifies his action as a contract claim for the recovery of overpayment and

enforcement of judgment.  Along with his complaint, plaintiff filed a petition to proceed *in*

*forma pauperis* and a motion for appointment of counsel.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis*

if he demonstrates an inability to pay the required costs and fees.  In his financial affidavit,

plaintiff states that he is unemployed, has no income and no assets, and sometimes receives $430

from a friend to pay his monthly rent.  Plaintiff has evidenced his financial need.

Our inquiry does not end there, however.  As part of the initial review of a petition to

proceed *in forma pauperis*, we analyze the claims and dismiss the complaint if we determine that

the action is frivolous or malicious, it fails to state a claim upon which relief may be granted,



or seeks damages from a defendant who is immune from such relief.   28 U.S.C. §
1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994).  For purposes of this
decision, we take plaintiff's allegations as true.  *See* Zimmerman v. Tribble, 226 F.3d 568, 571
(7th Cir. 2000).  Much of plaintiff's oft-confusing, 29-page complaint, seems more appropriate
for a political diatribe than a court filing.  However, since the complaint was filed *pro se* we do
not hold it to the same standards as those drafted by attorneys.  *See* McCormick v. City of
Chicago, 230 F.3d 319, 325 (7th Cir. 2000).   Nonetheless, the complaint fails to state a claim
upon which relief may be granted against any of the named defendants.

    The complaint is divisible into two distinct parts: allegations relating to plaintiff's
eviction and loan to his former landlord, and allegations concerning the INS and Department
of Homeland Security.  The first part stems from events that occurred almost ten years ago.
Plaintiff alleges that on July 8, 1993, he paid his landlord, Rudolph Mayer, $3,600 for one year
of rent on his apartment.  That same year he also allegedly gave Mayer an $180,000 loan and
various valuables for safekeeping.  In April 1994, the INS took plaintiff into custody and held
him until May 24, 1994.  While plaintiff was in custody, his apartment was burglarized and
Mayer commenced eviction proceedings against him. Plaintiff suspected Mayer of the break-in.
On May 27, 1994, Mayer received an *ex parte* judgment against plaintiff, though the eviction
was stayed until June 3, 1994.  After his release, plaintiff learned of the eviction proceedings
and appeared before a judge on an emergency motion to stop the eviction.  Plaintiff alleges that
the eviction was stayed until June 14, 1994, but that sheriff's deputies nonetheless evicted him
on June 13, 1994.  Plaintiff maintains that, as a result, he lost valuables worth over $60,000.  He
also alleges that Mayer never repaid the $180,000, as promised.  Nor were plaintiff's valuables

returned.  Rather, they were given to Karl Reschke, Mayer's business partner, who sold them to various European buyers without plaintiff's consent.

The second part of the complaint contains seven pages of "accusations" against Bryan Perryman, District Director of INS; Donald Monica, Interim District Director of the U.S. Department of Homeland Security; Samuel Der-Yeghiayan, former District Counsel for the INS; and Peter George and Sylvia Mano, INS officers.  Much of this is nothing more than conclusory statements that these individuals have not upheld the law.  Plaintiff's allegations against George and Mano provide the only context for his claims.  From those few details and a letter plaintiff wrote in 2000, which was submitted with his complaint, we glean the following allegations.  In 1993, an immigration judge, James Fujimoto, ordered plaintiff to be deported to his homeland, Moldova.  However, in April 1994, plaintiff was instead deported to the Ukraine, where he was not accepted, and was sent back to Chicago.  Plaintiff alleges that George confiscated his jewelry, money, and apartment keys during his deportation, and that while he was away George entered his apartment and took more things.  Finally, plaintiff complains that over five years later, in October 1999, Mano manipulated information during an interrogation of plaintiff.

This court has no jurisdiction over plaintiff's claims against Mayer or Reschke.  In May 2004, plaintiff attempted to have his 1994 eviction case reopened in state court.  When that attempt seemingly failed, he submitted a request to the Illinois Judicial Inquiry Board for an investigation into the willful misconduct of the judge, and he then turned to the federal courts, filing this action.  However, the federal court has no basis for jurisdiction over these defendants.  Neither Mayer nor Reschke are state actors, there is no diversity of citizenship as

plaintiff, as well as defendants, reside in Illinois, and there is no federal question.

The court does have jurisdiction over the claim against Michael Sheahan, the Cook County Sheriff. Plaintiff appears to allege a § 1983 claim against Sheahan for the violation of his civil rights resulting from the disregard of the court-ordered stay of his eviction. This claim also fails. Under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1977), plaintiff's damages must result from an official policy or custom of the sheriff in order to state a claim against this defendant. Nothing in the complaint indicates that the deputies' actions were the result of a policy or custom of the sheriff's department. An action against the individual deputies would not require the same showing, but even if plaintiff had named them as defendants, the claim would still be dismissed due to the statute of limitations. This eviction took place almost ten years ago. In Illinois, the two-year limitations period for personal injury suits applies to § 1983 actions. Manley v. City of Chicago, 236 F.3d 392, 395 (7th Cir. 2001).

Plaintiff also fails to state a claim against the various federal agents. Plaintiff does not describe actions or omissions by Perryman or Der-Yeghiayan that damaged him. As with his claim against Sheahan, plaintiff's claim against George dates back to April 1994 and is time-barred. Plaintiff's claims that Monica, the Interim Director of the Department of Homeland Security, failed to respond to his requests for an investigation into his detention and the alleged activities by George are not a basis for a legal claim. Nor are his allegations against Mano. Though plaintiff writes, "Through diabolic activity and distortion of the truth, by presenting a lie as being the truth, officer Sylvia Bonacorsi Mano has contributed to my unlimited imprisonment . . .," the only activity he describes is her refusal to shut an office door during her

questioning.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's petition to proceed *in forma pauperis* and his motion for appointment of counsel are denied. His complaint is dismissed.


                                                         *James B. Moran*
                                                 **JAMES B. MORAN**
                                         **Senior Judge, U. S. District Court**

June 21 , 2004.